NOT FOR PUBLICATION                                  **CLOSED**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| | : |
| GARY ALEXANDER, | : Hon. Faith S. Hochberg |
| | : |
| Plaintiff, | : Civil No. 04-5982 (FSH) |
| | : |
| v. | : **OPINION & ORDER** |
| | : |
| FEDEX, | : Date: September 7, 2005 |
| | : |
| Defendant. | : |
| | : |

**HOCHBERG, District Judge:**

> This matter comes before the Court upon Defendant's motion for summary judgment. *Pro Se* Plaintiff alleges breach of duty by FedEx Ground Package System in its delivery of goods to Plaintiff. The Court reviews the motion on the papers in accordance with Fed. R. Civ. P. 78.

**BACKGROUND**

> FedEx Ground Package System (Defendant) is an interstate common carrier specializing in the transportation of small packages. On March 18, 2004, Defendant accepted a shipment for delivery from Arizona Media in Phoenix, Arizona to Gary Alexander (Plaintiff) in New Providence, New Jersey for payment of $5.11. The shipment was delivered on March 26, 2004 and was left at the door of Plaintiff when Plaintiff was not at his home. The sender did not request that a signature be obtained, nor did the sender assign an exceptional value to the

package.  Plaintiff never personally received the shipment, contending that it was stolen from his

doorstep after delivery.

The shipment contained three master videos containing a system of martial arts

defense methods that Plaintiff produced approximately 15 years ago.  Plaintiff has provided free

copies of these videos to libraries used by the United States Marines.  Plaintiff, who is 67, asserts

difficulty in reproducing these videos because of their cost and his older age.  He seeks $250,000

in damages due to commercial loss.  Plaintiff does not claim to have earned income from these

videos, but states that he has attracted the attention of producers, distributors, and magazines in

order to negotiate business arrangements with them.


**SUMMARY JUDGMENT STANDARD**

Pursuant to Fed. R. Civ. P. 56(c), a motion for summary judgment will be granted

if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the

affidavits, if any, show that there is no genuine issue as to any material fact and that the moving

party is entitled to judgment as a matter of law.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S.

242, 247 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  In other words, "summary

judgment may be granted only if there exists no genuine issue of material fact that would permit

a reasonable jury to find for the nonmoving party."  *Miller v. Indiana Hosp.*, 843 F.2d 139, 143

(3d Cir. 1988).  All facts and inferences must be construed in the light most favorable to the non-

moving party.  *Peters v. Delaware River Port Auth.*, 16 F.3d 1346, 1349 (3d Cir. 1994).  The

judge's function is not to weigh the evidence and determine the truth of the matter, but to

determine whether there is a genuine issue for trial.  *See Anderson*, 477 U.S. at 249.

"Consequently, the court must ask whether, on the summary judgment record, reasonable jurors

could find facts that demonstrated, by a preponderance of the evidence, that the nonmoving party

is entitled to a verdict." *In re Paoli R.R. Yard PCB Litigation*, 916 F.2d 829, 860 (3d Cir. 1990).

**DISCUSSION**

Plaintiff alleges that Defendant breached a common law duty to Plaintiff, which

Plaintiff calls in his opposition papers a "breach of decency and common laws of accountability."

Plaintiff states that Defendant should not have placed the delivered package on his front door

step, but Defendant should have taken precautionary actions such as leaving the package with a

neighbor, or leaving a note instead of delivering the package.

Because Plaintiff alleges a cause of action against an interstate carrier based on

loss of a shipped good, this case is governed by the Carmack Amendment to the Interstate

Commerce Act, 49 U.S.C. § 14706. *See, e.g., Orlick v. J.D. Carton & Son, Inc.*, 144 F.Supp.2d

337, 345 (D.N.J. 2001). The Supreme Court holds that the Carmack Amendment normally

preempts state law claims against a carrier's loss of a shipped good. *Adams Express Company v.*

*Croninger*, 226 U.S. 491, 505-506 (1913) (stating that Congress enacted the Carmack

Amendment to "take possession of the subject [of interstate carriers' liability for lost property]

and to supersede all state regulation"); *Peyton v. Railway Express Agency*, 316 U.S. 350 (1942)

(holding that the application of common law would open the floodgates of confusion that the

Interstate Commerce Act was designed to prevent). In accordance with the Supreme Court

rulings, Circuit Courts have consistently found that the Carmack Amendment preempts state law.

*E.g.*, *Underwriters at Lloyds of London v. N. Am. Van Lines*, 890 F.2d 1112, 1115-1121 (10th

Cir. 1989); *Intech, Inc. v. Consol. Freightways, Inc.*, 836 F.2d 672, 677 (1st Cir. 1987); *Hughes*

*v. United Van Lines, Inc.*, 829 F.2d 1407, 1415 (7th Cir. 1987); *Hopper Furs Inc. v. Emery Air*

*Freight Corp.*, 749 F.2d 1261, 1264 (8th Cir. 1984); *Air Prod. & Chem. v. Ill. Cent. Gulf R.R.*

*Co.*, 721 F.2d 483, 487 (5th Cir. 1983); *W.D. Lawson & Co. v. Penn Cent. Co.*, 456 F.2d 419,

421 (6th Cir. 1972).

   The District Courts within the Third Circuit have reached the same conclusion.

Chief Judge Bissell of District New Jersey considered a case with very similar facts to the case at

bar and concluded that "common law actions against interstate carriers are preempted by the

Interstate Commerce Act." *Harrah v. Minnesota Mining and Manufacturing Co.*, 809 F.Supp.

313, 317 (D.N.J. 1992).  In that case, the sender sent the package to the plaintiff's old address.

The carrier left the package there despite the fact that the building was clearly unoccupied,

according to the plaintiff, as evidenced by the overgrown grass surrounding it.  The package was

subsequently stolen.  The Court found the carrier not liable under common law because "any

negligence claim plaintiff Harrah would have against [carrier] would be governed by the

Interstate Commerce Act." *Id*. at 318.

   Several other district courts within New Jersey and throughout the Third Circuit

have since agreed with Chief Judge Bissell's assessment.  *See Orlick v. J.D. Carton & Son, Inc.*,

144 F.Supp.2d 337 (D.N.J. 2001); *Strike v. Atlas Van Lines, Inc.*, 102 F.Supp.2d 599 (M.D. Pa.

2000); *Tirgan v. Roadway Package Systems, Inc.*, 1995 WL 21098 (D.N.J. 1995); *Faust v. Clark*

*and Reid Co., Inc.*, 1994 WL 675132 (E.D. Pa. 1994).  Common law claims that are preempted

include causes of action in tort or for breach of contract, *Strike*, 102 F.Supp.2d at 600-601, under

which Plaintiff's "breach of decency" claim falls.

   When the viewing the facts of this case in the light most favorable to Plaintiff, no

genuine issue of material fact exists in this case to preclude application of the Carmack

Amendment.  Plaintiff may have a common law claim in tort against the shipper, Arizona Media,

that falls outside of the Carmack Amendment, and Plaintiff may elect to file such claim in state

court.[1]

**CONCLUSION**

Accordingly, **IT IS** on this 7th day of September 2005,

**ORDERED** that Defendant's motion for summary judgment is **GRANTED**;[2] and

it is further,

**ORDERED** that this case is **CLOSED**.

**/s/ Faith S. Hochberg**

_____

Hon. Faith S. Hochberg, U.S.D.J.

---

[1] In addition, Plaintiff may wish to inquire with the several libraries to which he has provided his videos in order to perhaps recover copies of his work.

[2] Although Plaintiff's Complaint does not seek the $100 recovery permissible under the Carmack Amendment, such recovery shall be considered despite some case law dismissing such Complaints. *See, e.g.*, *Amerifreight v. APL Land Trans. Services, Inc.*, 1996 WL 252564 (N.D. Ill. 1996). In order to establish a cause of action under the Carmack Amendment against a shipper, Plaintiff must show (1) delivery of the goods to the carrier in good condition, (2) non-delivery or delivery by the carrier to the consignee in damaged condition, and (3) damages. *Missouri P.R. v. Elmore & Stahl*, 377 U.S. 134, 137-38 (1964). As to the second element, there exists no genuine issue of material fact that could allow a reasonable jury to find for Plaintiff. Throughout his papers Plaintiff agrees that the package was delivered to his doorstep, and Defendant provides documentation of its delivery. Plaintiff makes no allegation that the package was damaged on route. Defendant owes Plaintiff no further duty than to adhere to the contractual terms of delivery, thus no reasonable jury could find for Plaintiff. *See Harrah*, 809 F.Supp. at 317.

The Court does not reach Defendant's argument that Plaintiff lacks standing to assert his common law claims. Such claims are preempted by federal law, as this Opinion addresses. However, the Court does note that, as in *Harrah*, Plaintiff "has offered no evidence to show that defendant [carrier], who clearly owed some duty to the shipper by virtue of the contract for interstate carriage, also owed some common law duty to plaintiff as recipient of the package and owner of the contents thereof." *Harrah*, 809 F.Supp. at 318 (finding that the intended recipient of a delivery lacks standing to sue the carrier under common law, where the carrier did not contract with the intended recipient).

The Court also does not address Plaintiff's argument in his opposition papers that some discovery materials were withheld from him. The Honorable Patty Shwartz, U.S.M.J., has already considered such arguments and concluded in Order dated June 1, 2005 that "defendant has responded to all of plaintiff's discovery demands." Plaintiff has not sought reconsideration of this Order.